Case 3:12-md-02330-EMC Document 82 Filed 04/20/12 Page 1 of 4

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: CARRIER IQ, INC., CONSUMER
PRIVACY LITIGATION                                        MDL No. 2330

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in the Northern District of California *Pipkin* action move to centralize this litigation in the Northern District of California. Plaintiffs in the District of Delaware *Pacilli* action move for centralization in either the Northern District of California or the Northern District of Illinois. This litigation currently consists of eighteen actions pending in ten districts, as listed on Schedule A.[1] All parties support centralization, but they disagree as to the appropriate transferee district.

Plaintiffs in three Northern District of California actions, as well as seven related actions, support centralization in the Northern District of California.[2] Common defendant Carrier IQ, Inc., as well as manufacturer defendants Apple, Inc.; LG Electronics Mobile Research U.S.A. LLC; LG Electronics Mobilecomm U.S.A., Inc.; LG Electronics U.S.A., Inc.; and HTC America, Inc., also support centralization in the Northern District of California. Defendants Samsung Electronics America, Inc., and Samsung Telecommunications America, Inc., support centralization but take no position regarding the transferee district.

Plaintiffs in six actions and thirteen related actions pending in several districts support centralization in the Northern District of Illinois. Plaintiffs in two related actions in the Central District of California support centralization in the Central District of California. Plaintiffs in two related actions in the Northern District of Texas support centralization in that district.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of all actions in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All the actions are putative nationwide class actions, as well as various state

---

[*] Judges John G. Heyburn II and Charles R. Breyer took no part in the decision of this matter.

[1] The parties have notified the Panel of 53 additional related actions, pending in various districts. These actions and any other related actions are potential tag-along actions. *See* Rule 7.1, R.P.J.P.M.L.

[2] The plaintiffs in the Northern District of California *Kleer* related action alternatively support centralization in the Central District of California.

ECF DOCUMENT
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Northern District of California.
Date Filed: 04/20/2012
RICHARD W. WIEKING, Clerk
By: _____, Deputy Clerk

FILED
2012 APR 23 AM 7:19
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Case 3:12-md-02330-EMC Document 2 Filed 04/20/12 Page 2 of 4

-2-

subclasses, in which plaintiffs allege that defendants tracked and recorded private user information on mobile communication devices – including users' location, keystrokes, message content, and data – using Carrier IQ software. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Northern District of California, which enjoys the support of several responding plaintiffs and defendants, is an appropriate transferee district. Numerous actions and potential tag-along actions are pending in this district, where common defendant Carrier IQ and other manufacturer defendants are headquartered or have a significant presence. Presumably, relevant documents and witnesses are located in this district. Further, by selecting Judge Edward M. Chen to preside over this litigation, we are choosing a jurist experienced in multidistrict litigation, but without a current MDL assignment, to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed in Schedule A are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Edward M. Chen for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.   Barbara S. Jones
Paul J. Barbadoro         Marjorie O. Rendell

Case 3:12-md-02330-EMC Document 82 Filed 04/20/12 Page 3 of 4

**IN RE: CARRIER IQ, INC., CONSUMER**
**PRIVACY LITIGATION**                                                    MDL No. 2330

## SCHEDULE A

Northern District of California

Rowena Silvera, et al. v Carrier IQ, Inc., et al., C.A. No. 5:11-05821
Patrick Kenny, et al. v. Carrier IQ, Inc., et al., C.A. No. 5:11-05774
Eric Steiner v. Carrier IQ, Inc., C.A. No. 5:11-05802
Eric Thomas, et al. v. Carrier IQ Inc., et al., C.A. No. 5:11-05819
Daniel Pipkin, et al. v. Carrier IQ, Inc., et al., C.A. No. 5:11-05820
Jennifer Sue Patrick, et al. v. Carrier IQ, Inc., C.A. No. 5:11-05842
Lindsay Padilla, et al. v. Carrier IQ, Inc., C.A. No. 5:11-05975

District of Connecticut

Ryan McKeen v. Carrier IQ, Inc., et al., C.A. No. 3:11-01895

District of Delaware

Jeffrey Pacilli, et al. v. Carrier IQ Inc., et al., C.A. No. 1:11-01199   SLR/MPT

Southern District of Florida

Craig Schmidt, et al. v. Carrier IQ, Inc., et al., C.A. No. 1:11-24352

Northern District of Illinois

Erin Janek v. Carrier IQ, Inc., et al., C.A. No. 1:11-08564
Jeffrey Wilson v. Carrier IQ, Inc., C.A. No. 1:11-08579

Southern District of Illinois

Justin Conley, et al. v. Carrier IQ, Inc., C.A. No. 3:11-01059

District of Massachusetts

Dylan T. Ferreira v. Carrier IQ, Inc., C.A. No. 1:11-12146
Joshua Libby v. Carrier IQ, Inc., C.A. No. 1:11-12150

Eastern District of Missouri

Margaret Elliott, et al. v. Carrier IQ, Inc., et al., C.A. No. 4:11-02095

Case 3:12-md-02865-EMC Document 82 Filed 04/26/12 Page 4 of 4

- A2 -

**MDL No. 2330 Schedule A (Continued)**

<u>District of Rhode Island</u>

Melissa J. Link v. Carrier IQ, Inc., et al., C.A. No. 1:11-0603

<u>Eastern District of Texas</u>

Joseph Cosme v. Carrier IQ, Inc., et al., C.A. No. 1:11-0689

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Richard W. Wieking
Clerk

450 Golden Gate Avenue
San Francisco, CA 94102
415.522.2000

U.S. District Court
J. Caleb Boggs Federal Building
844 N. King Street, Unit 18
Wilmington, DE 19801-3570

Re: <u>MDL 12-2330 In re Carrier IQ, Inc. Consumer Privacy Litigation</u>

<u>Title of Case(s)</u>
*Jeffrey Pacilli, et al v. Carrier IQ , Inc., et al*

<u>Your Case Number(s)</u>
*C.A. No. 1:11-01199*

Dear Clerk:

      Enclosed is a certified copy of the order from the Judicial Panel on Multidistrict Litigation transferring the above entitled action to the Northern District of California, San Francisco Division. The case has been assigned to the Honorable Edward M. Chen for coordinated or consolidated pretrial processing pursuant to 28 USC §1407.

      Please forward the electronic case by using the e-transfer functionality of CM/ECF and contacting our Automation Department at ecfhelpdesk@cand.uscourts.gov to arrange for its electronic transfer. Otherwise, please forward the original record and a certified copy of the docket sheet at the above address and 1) e-mail any PDF documents, as separate PDF files, to SFmdl_clerk@cand.uscourts.gov or 2) provide the PDF documents on a disc, or 3) provide us with a temporary log in and a password to directly access your database to expedite the downloading of the PDF files we need and/or require. We appreciate your prompt attention to this matter.

Sincerely yours,
Richard W. Wieking, Clerk

*R. C. Santos*

By: Rufino Santos
Deputy Clerk

Encl.